UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HASSAN MOHAMED IBRAHIM, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 23-3563 (ABJ) ) |
| VINCENT SPERA Consul General, U.S. Consulate General in Johannesburg, *et al.*, | ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

On November 30, 2023, plaintiff Hassan Mohamed Ibrahim filed a combined petition for writ of mandamus and complaint for injunctive relief against Vincent Spera, the Consul General at the U.S. Consulate General in Johannesburg, South Africa; Heather Merritt, Deputy Chief of Mission at the U.S. Embassy in South Africa; and Antony Blinken, Secretary of the U.S. Department of State. *See* Pet. for Writ of Mandamus and Compl. for Inj. Relief [Dkt. # 1] ("Pet."). He alleges that in January 2019, his wife filed an I-130 visa petition with the United States Citizenship and Immigration Services ("USCIS") on his behalf, and that while USCIS approved it, the application remains pending before the U.S. Consulate in Johannesburg and has not been "adjudicated." Pet. ¶¶ 2–4. Plaintiff, a citizen of Somalia living in South Africa, asserts that he was interviewed by the U.S. Consulate General in June of 2021, and that after the interview, he

"learned that this case was placed in administrative processing pursuant to Immigration and Nationality Act ("INA") §221(g)." Pet. ¶¶ 11, 21–22.[1]

Plaintiff refers to his correspondence with the consulate as a "refusal" under INA § 221(g), and he submits that "pursuant to the INA, 8 U.S.C. §§ 1153(a) and 1202(b), and the regulations governing immigrant visa applications, [d]efendants have a nondiscretionary duty to review and adjudicate [p]laintiff's visa application." Pet. ¶ 26. He also contends that "[t]he [Administrative Procedure Act] obligates [d]efendants to take these nondiscretionary actions within a 'reasonable time,' 5 U.S.C. § 555(b), and directs the court to compel [d]efendants to take these actions when they are 'unreasonably delayed,' *id.* § 706(1)." Pet. ¶ 27.

Based on those facts and his interpretation of the law, plaintiff has brought two counts: Count One seeks injunctive relief for unreasonable delay under section 706(1) of the Administrative Procedure Act ("APA"), and Count Two seeks a writ of mandamus. Pet. ¶¶ 25–36. Plaintiff asks the Court, pursuant to the APA, the INA, and the Mandamus Act, 28 U.S.C. § 1361, to issue an order mandating that defendants process his visa application within fifteen days or as soon as reasonably possible. *See* Pet. ¶ 37.

On January 29, 2024, defendants filed a motion to dismiss the petition on several grounds, including: plaintiff has named an official who cannot provide the relief requested; plaintiff's claims are precluded by the consular non-reviewability doctrine; plaintiff has failed to identify a

---

[1] Section 221(g) of the Immigration and Nationality Act provides: "No visa or other documentation shall be issued to an alien if (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such alien is ineligible to receive a visa or such other documentation under section1182 of this title, or any other provision of law, (2) the application fails to comply with the provisions of this chapter, or the regulations issued thereunder, or (3) the consular officer knows or has reason to believe that such alien is ineligible to receive a visa or such other documentation under section 1182 of this title, or any other provision of law[.]" 8 U.S.C. § 1201(g).

2

clear, non-discretionary agency duty upon which to base his request for mandamus relief; and plaintiff's complaint fails to state a plausible claim of unreasonable delay. *See* Defs.' Mot. to Dismiss and Mem. in Supp. [Dkt. # 6] ("Mot.") at 5–18. Plaintiff opposed the motion, *see* Pl.'s Opp. to Mot. [Dkt. # 7] ("Opp."), and the motion was fully briefed. *See* Defs.' Reply in Supp. of Mot. [Dkt. # 8]. On June 26, 2024, the defendants filed a notice of supplemental authority directing the Court's attention to a recent decision of the U.S. Court of Appeals for the District of Columbia Circuit, *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), which in their view is dispositive of this case. *See* Notice of Suppl. Authority [Dkt. # 11]. Plaintiff has responded to the Notice. *See* Resp. to Defs.' Suppl. Authority [Dkt. # 12] ("Pl.'s Resp."). Having reviewed the supplemental authority and the record in this case, the Court agrees that the decision in *Karimova* requires the dismissal of this action, and defendants' motion to dismiss will be **GRANTED**.

In the *Karimova* opinion, the Court of Appeals began by explaining the visa process:

> [O]nce the applicant properly applies, the consular officer—by regulation—"*must* issue" or "refuse" the visa. 22 C.F.R. § 42.81(a) (emphasis added); *see* 9 FAM § 504.1-3(g) ("Once an application has been executed, [the consular officer] must either issue the visa or refuse it."). Consular officers "cannot temporarily refuse, suspend, or hold the visa for future action" at that point. 9 FAM § 504.1-3(g); *id.* § 504.9-2. There are no exceptions to this rule relevant to this case. *Id.* § 504.1-3(i)(1); *id.* § 504.11-2(A)(a).
>
> So any applicant "to whom a visa is not issued by the end of the working day on which the application is made, or by the end of the next working day * * * must be found ineligible[.]" 9 FAM § 504.1-3(i)(1); *id.* § 504.11-2(A)(a) . . . "There is no such thing as an informal refusal or a pending case once a formal application has been made." *Id.* § 504.1-3(i); *id.* § 504.11-2(A)(b); *see* 22 C.F.R. § 42.81(a).
>
> After a consular officer makes an official decision refusing to issue a visa because the applicant has not carried her burden of showing eligibility, the official may then conclude that the applicant could perhaps still receive a visa eventually if circumstances change. As a result, the consular officer may choose to place an officially refused application in administrative

3

>processing . . . If the consular officer gets enough new information, . . . the officer can determine *sua sponte* that the administrative processing is "completed" and may then re-open and re-adjudicate the applicant's case. *Id.* § 306.2-2(A)(a)(2). **Unless and until that happens, though, the visa application remains officially refused.**

*Karimova*, 2024 WL 3517852 at *1–2 (emphasis added).

Karimova had filed a lawsuit alleging that the consular officer breached a duty to make a "final decision" within a reasonable time. *Id.* "She alleged that the consul's duty is not discharged by a refusal due to administrative processing, because that is not a final decision on the visa application." *Id.* at *2 (internal citations and quotations omitted). The trial court granted the government's motion to dismiss, and the plaintiff appealed. *Id.* at *3. On appeal, plaintiff persisted in her contention "that the consular officer 'owe[d]' her a 'duty' to make a 'final decision' on her visa application." *Id.* "By 'final decision,' she mean[t] that the consular officer was required to either issue her a visa or refuse her application, without then also placing it in administrative processing." *Id.*

The Circuit concluded that "[t]he district court properly dismissed that claim because Karimova has not identified any law plainly prescrib[ing] that the consular officer not put an officially refused visa application in administrative processing." *Id.* (internal quotations and citations omitted). It found first that the requirement in section 555(b) of the Administrative Procedure Act that "within a reasonable time[,]" "each agency shall proceed to conclude a matter presented to it" did not give rise to the "clear, non-discretionary duty" that could support a petition of mandamus. *Id.* at *3– 4.

Moreover, it found that "Karimova's 'matter' has already been 'conclude[d.]' *Id.* at *4. At oral argument, Karimova acknowledged "that her application was considered by the consular officer and officially refused." *Id.* But this concession was not necessary to the opinion, as the

Circuit states quite plainly that the consul's refusing to grant an application and placing it in administrative processing is a final refusal:

> Karimova's argument hinges on defining what it means to conclude a visa application in a manner that neither a federal statute nor regulation clearly requires. **She received the "refused" decision that the law expressly authorizes as one of the allowed actions on a visa application. 22 C.F.R. § 42.81;** *see* **8 U.S.C. § 1201(g).** Nothing in federal law speaks to the ability of a consul, after making that decision, to hold onto the application in case circumstances later change in the applicant's favor, thereby saving the applicant the time and cost of filing a whole new visa application.
>
> In other words, even on Karimova's reading, **Section 555(b)** *at most* **could have entitled her to the official refusal decision she already received. Section 555(b) does not in any way dictate how the agency can handle her rejected paperwork after a decision has been made.**

*Id.* at *4 (emphasis added).

This Court is bound to follow this precedent.

Plaintiff maintains that *Karimova* is inapposite because Karimova's appeal was confined to the issue of whether the APA alone created a duty for the Department of State to complete administrative processing. Pl.'s Resp. at 1. "Here, [p]laintiff acknowledges that the APA alone does not create an independent duty applicable to consular officers; however, given the Immigration and Nationality Act generally and 8 U.S.C. § 1202(b) specifically, there exists a nondiscretionary duty to adjudicate all visas 'through conclusion.'" *Id.* (citations omitted). Plaintiff also took issue with the Circuit's characterization of the decision to place a visa application in administrative processing as discretionary, calling it "erroneous," *id.* at 2, but the Court is unaware of any authority it might have to review or disregard a decision issued by an appellate court.

The Court finds that the fact that Karimova was moving under the APA and an unreasonable delay theory, but that plaintiff is moving under the Immigration and Nationality Act

and 8 U.S.C. §1202(b), does not make a difference.  First of all, the Court notes that Count One of plaintiff's own petition raises an APA unreasonable delay claim like Karimova's.  *See* Pet. ¶¶ 25–29.  But even if one ignored Count One and just considered Count Two, which asks the Court to order the consulate to perform its nondiscretionary duty under the INA to adjudicate all visas "through conclusion," Pl.'s Resp. at 1, the claim must be dismissed.  While it troubles this Court, one cannot read *Karimova* as saying anything other than a 221(g) refusal and placement in administrative processing *was* a conclusion.

For all of these reasons, then, defendant's motion to dismiss [Dkt. # 6] will be **GRANTED** in accordance with the notice of supplemental authority.[2]  A separate order will issue.

---

2      The Court notes, though, that it is extremely difficult to square the Circuit's analysis, which is based largely on agency regulations, with the communications that visa applicants actually receive from various consulates, and that it is particularly difficult to do so in this case.

The government supplied the declaration of an Attorney-Advisor in the Office of the Assistant Legal Advisor for Consular Affairs in support of its motion to dismiss, and in it, the Attorney-Advisor averred that "on June 2, 2021. . . the consular officer refused Mr. Ibrahim's immigrant-visa applications under § 221(g) of the Immigration and Nationality Act ("INA") [8 U.S.C. §1201(g)] for a security review[,]" and that "[a]s of the date of this declaration, the visa applications for Mr. Ibrahim remains refused under INA § 221(g) [8 U.S.C. §1201(g)] for a security review." See Declaration of Stephanie L. Woodward, Ex. A to Mot. [Dkt. # 6-1]. However, in response, plaintiff provided the correspondence with the consulate as an exhibit to his opposition. See Ex. A to Opp. [Dkt. # 7-1] ("221(g) Letter").  The letter from the Consulate General of the United States to Mr. Ibrahim, dated June 2, 2021, states:

> Dear Visa Applicant:
>
> The U.S. Consulate General, Johannesburg, **is unable to conclude processing** of your immigrant visa application at this time due to one of the checked reasons below. **Further action in your case has been suspended** under 221(g) of the United States Immigration and Nationality Act.

221(g) Letter at 1 (emphasis added).  Two reasons were checked:

> Your case is **pending** due to further administrative processing. The Immigrant Visa Section at the U.S. Consulate will contact you as soon as possible to proceed with your case. [and]
>
> Your case is **pending** due to outstanding documents, which you must provide to the Immigrant Visa Section . . . before your case may proceed.

*Id.* (emphasis added).  The second page of the letter identified the documents to be provided and added:

> Upon receipt of your responses, we can continue processing your application. **If you fail to take the action requested within one year of the 221(g) decision, your application will expire.**

*Id.* at 2 (emphasis in original).  The agency's use of words like "pending," "continue," and "processing" would only make sense if consideration had *not* concluded, and that is why this Court and others in this district have found that a section 221(g) letter saying that a case is pending

7

*[signature: Amy B Jackson]*
AMY BERMAN JACKSON
United States District Judge

DATE: September 6, 2024

---

administrative processing is not a final decision. *See, e.g.*, *Zaman v. U.S. Dep't of Homeland Sec.*, No. 19-cv-3592 (ABJ), 2021 WL 5356284, at *4 (D.D.C. Nov. 16, 2021) ("Applications may remain in administrative processing even after DOS issues section 221(g) refusals, rendering these refusals interim decisions"); *Ghadami v. U. S. Dep't of Homeland Sec.*, No. 10-cv-397 (ABJ), 2020 WL 1308376, at *1 (D.D.C. Mar. 19, 2020); *Vulupala v. Barr*, 438 F. Supp. 3d 93, 98 (D.D.C. Feb. 7, 2020) (ABJ); *Al-Gharawy v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 17 (D.D.C. 2022) (RDM); *Ibrahim v. U.S. Dep't of State*, No. 19-cv-610 (BAH), 2020 WL 1703892, at *7 (D.D.C. Apr. 8, 2020); *Nine Iraq Allies Under Serious Threat Because of Their Faithful Serv. to the U. S. v. Kerry*, 168 F. Supp. 3d 268, 290–92 (D.D.C. 2016) (GK); *see also P.K. v. Tillerson*, 302 F. Supp. 3d 1, 11 (D.D.C. 2018) (TSC) ("[T]he doctrine of consular [nonreviewability] does not apply where the government has not made a final visa decision."). The problem is compounded in this case, in which the consulate explicitly stated that it could "continue processing" plaintiff's application upon receipt of his responses. 221(g) Letter at 2.

While the Court of Appeals may read the regulations to say that there is no such thing as an application "pending" administrative processing, and that a consulate may not hold a visa for future action, that message does not appear to have reached the consulates.